470 P.2d 257

**HEIN'S TURKEY HATCHERIES, INC.,**
**Plaintiff and Respondent,**

v.

**NEPHI PROCESSING PLANT, INC., et al.,**
**Defendants and Appellants.**

**No. 11822.**

Supreme Court of Utah.

May 28, 1970.

Milton T. Harmon, Nephi, for defendants-appellants.

Richard M. Taylor, Spanish Fork, for plaintiff-respondent.

HENRIOD, Justice:

Appeal from a judgment for amounts due on three promissory notes. Affirmed, with costs to Hein.

After answer filed in November, 1967, there followed a series of interrogatories and other pleadings, and defendants, in September, 1968, presented a motion for leave to file an amended answer. This motion was not specific as to any possible defenses to the action except that defendants had "gained additional information * * * which would indicate * * * that the issues * * * can be greatly clarified and the defense * * * can more properly be set forth" if the amended answer were allowed. Time went by, no one called up the motion for hearing, the record does not reveal whether or not the motion appeared on any law and motion calendar under the local rules or otherwise, and the case was set for trial for a date certain that was four months after such motion was filed. At the trial, defendants asked to file an amended answer and the request was denied. Even though the trial court denied such request, defendants filed the amended answer anyway, the clerk for some unknown reason accepting it for filing.

Defendants say that under the local rules, the motion for permission to file an amended answer normally would have come up automatically on the next law and motion calendar. There is nothing in the record to indicate that the motion did or did not appear on any such calendar or that anyone was there to argue it if it did. The record reflects nothing filed in support of the motion by way of specific facts or proffer thereof. It reflects nothing to indicate any effort on the part of defendants to notice up the motion at any time prior to trial, although four months had intervened between the date it was filed and date of trial.

It would seem to be incumbent on a party to pursue his own requests for relief such as this by notice of hearing thereon, motion for continuance of the trial date, or the like,—which was not done here. Under the circumstances of this case, the trial court did not err in refusing to permit the amended answer presented for the first time at the trial at which all parties appeared. Defendants, besides filing the unpermitted amended answer, also filed a motion for summary judgment. This latter motion obviously violated Rule

56, Utah Rules of Civil Procedure. Our recent case of Summerhays v. Holm, 24 Utah 2d 190, 468 P.2d 366 (April 20, 1970), is directly in point and is dispositive here.

Since there is nothing in the record showing any specific pleading of a defense, except that claimed in the answer filed, as to which defendants proffered no evidence, and called no witnesses, it follows that the trial court acted properly as to pleading and proof, and its judgment should be, and is, affirmed.

CROCKETT, C. J., and TUCKETT, CALLISTER and ELLETT, JJ., concur.